RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 08 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

SEAQUEL II, INC. as owner of the F/V SEAQUEL II FOR EXONERATION FROM OR LIMITATION OF LIABILITY,

Petitioner.

ECF CASE

11 Civ. 5990

**ORDER RESTRAINING SUITS APPROVING PETITIONER'S *AD INTERIM* SECURITY, AND DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS**

SPATT, J.

WALL, M.J.

A Complaint having been filed herein on December 8, 2011, by the above-named Petitioner as owner of a 1992 42' Roger O Sartini III commercial vessel bearing New York State Vessel number 985625 and known as the F/V SEAQUEL II (hereinafter the "Vessel"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") concerning any loss, damage, expense or injury alleged by Timothy Lucas and others arising from the alleged events of June 12, 2011, as more fully described in the Complaint;

**AND** the Complaint having stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of $100,000.00 on the date of the foregoing incident;

**AND** the Petitioner has filed with the Court security for the benefit of claimants, pursuant to an *Ad Interim* Security dated December 8, 2011, with surety, equal to the amount or value of Petitioner's interest in the Vessel, plus costs and interest at 6% per annum from the date hereof, executed by Allianz Global Corporate and Specialty as surety;

**NOW**, on motion of LYONS & FLOOD, LLP, attorneys for Petitioner, it is

**ORDERED** that the above-described *Ad Interim* Security, in the sum of $100,000.00 plus costs and interest as aforesaid filed by the Petitioner for the benefit of claimants as security for the Petitioner's interest in the Vessel, be and is hereby approved, and

**IT IS FURTHER ORDERED** that the Court, upon motion, shall cause appraisement of the value of the Vessel and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Allianz Global Corporate and Specialty, as surety. In the event of such notice, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) and satisfactory to this Court, failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a Notice shall be issued by the Clerk of this Court to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, on or before the 30th day of January, 2012, or be defaulted; that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Petitioner an Answer to the Complaint on or before the said

date, unless the Claim has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that Petitioner shall publish Notice in NEWSDAY, a newspaper with a general circulation including Nassau and Suffolk Counties, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Rule F and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have any claim against the Vessel or Petitioner, or to its attorney, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, the Vessel and insurer; the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid incident alleged in the Complaint, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a restraining order be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys.

Dated: Central Islip, New York
December 13, Y011

_____
U.S.D.J.

U:\kmhldocs\2698001\Legal\Limitation\Proposed Order Restraining Suits.doc