**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

                of

SEAQUEL II, INC., as owner of the F/V
Seaquel II for exoneration of or limitation of
liability,

                Petitioner,

     -against-

TIMOTHY LUCAS,

                Claimant.
----------------------------------------------------------X

**SHORT ORDER**
11-cv-5990 (ADS)(WDW)

**APPEARANCES:**

**Lyons & Flood, LLP**
*Attorneys for the Petitioner*
65 West 36th Street
7th Floor
New York, NY 10018
     By:    Kirk M. Lyons, Esq., of Counsel

**Law Offices of Peter P. Traub**
*Attorneys for the Claimant*
107 Rand Street 4th Floor
New York, NY 10013
     By:    Peter P. Traub, Jr., Esq., of Counsel

**SPATT, District Judge.**

      On December 8, 2011, a complaint was filed by the Petitioner for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, for damages arising from an incident on June 12, 2011, which allegedly resulted in personal injury to the claimant Timothy Lucas.

On December 13, 2011, this Court issued an order approving the Petitioner's *ad interim* security of $100,000.00 — equal to the amount or value of the Petitioner's interest in the vessel — plus costs and interest at 6% per annum. The Court also ordered that it shall, upon motion, cause appraisement of the value of the vessel and would thereupon order said security increased or reduced if it found the amount thereof to be insufficient or excessive.

On February 6, 2012, the Petitioner and Claimant filed a stipulation and order to lift the Court's previous order restraining suits, which in part stated that: "Timothy Lucas respectfully requests that the Court conduct an independent appraisal of the subject vessel within 30 days from the date herein, and Seaquel II, Inc. does not oppose this application."

Admiralty Rule F governs the procedure for limitation proceedings in federal court. The Rule requires the vessel owner who seeks to limit liability to deposit with the Court the sum equal to the value of the owner's interest in the vessel and its freight or "approved security therefor." Fed. R. Civ. P. F(1). Admiralty Rule F(7) governs situations when the security posted is inadequate. It provides that

> any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon, the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction . . . .

Fed. R. Civ. P. F(7).

The Court now directs the Respondent Timothy Lucas to submit a letter to the Court, not exceeding two pages, to explain the basis for his request that the Court conduct an independent appraisal of the subject vessel within 30 days from the date herein. Although the Petitioner Sequel II, Inc. does not oppose this application, the Court nevertheless seeks a justification as to why the claimant-respondent need not make such a demand by motion as set forth in Admiralty Rule F(7). See Complaint of Midland Enterprises, Inc., 886 F.2d 812, 818 (6th Cir. 1989) ("the claimant has not followed the procedures outlined in F(7) and filed the type of motion that would compel the court to cause an "appraisement" to be made. We therefore direct that claimant is ordered to either file an F(7) motion forthwith challenging the value or concede the value placed on the vessel and its freight by Midland."); In re Mike's, Inc., No. 02 Civ. 1073, 2002 WL 1467874, at *1 (E.D. La. July 09, 2002) ("The Rule requires the claimant who seeks an increase in security to make at least a minimum showing as to why the valuation of the vessel is inadequate."); Complaint of Kresta Shipping, S.A., No. 96 Civ. 1137, 1997 WL 115428, at *10 (S.D.N.Y. March 14, 1997) ("Rule F(7), pursuant to which claimants have moved for an increase in security, provides that *after such motion*, "the court shall cause due appraisement to be made") (emphasis added); In Matter of D.N.H. Towing, No. 97 Civ. 1246, 1997 WL 466812, at *2 (E.D. La. Aug. 12, 1997) ("The Court will not order an appraisement of the vessel, because Adams does not assert that the amount of the stipulation is incorrect as to the vessel.").

In addition, the Court directs the Respondent to explain why such appraisal must take place within 30 days.

**SO ORDERED.**

Dated: Central Islip, New York
February 7, 2012

                                                ___*/s/ Arthur D. Spatt*___
                                                 ARTHUR D. SPATT
                                           United States District Judge