UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT

     of

SEAQUEL II, INC., as owner of the F/V   **SHORT ORDER**
Seaquel II for exoneration of or limitation of   11-cv-5990 (ADS)(WDW)
liability,

     Petitioner,

   -against-

TIMOTHY LUCAS,

     Claimant.
---------------------------------------------------------X

**APPEARANCES:**

**Lyons & Flood, LLP**
*Attorneys for the Petitioner*
65 West 36th Street
7th Floor
New York, NY 10018
  By: Kirk M. Lyons, Esq., of Counsel

**Law Offices of Peter P. Traub**
*Attorneys for the Claimant*
107 Rand Street 4th Floor
New York, NY 10013
  By: Peter P. Traub, Jr., Esq., of Counsel

**SPATT, District Judge.**

  On December 8, 2011, a complaint was filed by the Petitioner for exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, for damages arising from an incident on June 12, 2011, which allegedly resulted in personal injury to the claimant Timothy Lucas.  On December 13, 2011, this Court issued an order approving the Petitioner's *ad interim* security of $100,000.00 — equal to the amount or value of the

Petitioner's interest in the vessel — plus costs and interest at 6% per annum.  The Court also ordered that it shall, upon motion, cause appraisement of the value of the vessel and would thereupon order said security increased or reduced if it found the amount thereof to be insufficient or excessive.

On February 6, 2012, the Petitioner and Claimant filed a stipulation and order to lift the Court's previous order restraining suits, which in part stated that: "Timothy Lucas respectfully requests that the Court conduct an independent appraisal of the subject vessel within 30 days from the date herein, and Seaquel II, Inc. does not oppose this application."  On February 7, 2012, this Court directed the Respondent Timothy Lucas to submit a letter to the Court to explain the basis for his request that the Court conduct an independent appraisal of the subject vessel within 30 days from the date herein.  In particular, the Court sought a justification as to (1) why the claimant-respondent need not make such a demand by motion as set forth in Admiralty Rule F(7); and (2) why such appraisal must take place within 30 days.

On February 15, 2012, the Respondent wrote to the Court, and explained that he believed that the appraisal report prepared by Marina Safety Consultants, Inc., per Neil G. Stoddard, at the request of the Petitioner, was insufficient because it was not premised upon any physical inspection of the actual vessel.  See Complaint of Tropigas Carriers, Inc., 603 F. Supp. 940, 942 (D.C. Fla. 1985) ("The affidavit lacks the necessary guarantee of trustworthiness upon which to make a determination of the shipowner's interest in the vessel.").  In addition, the Respondent noted that the appraisal did not include the actual "overall condition" of the vessel and also did not include "outfitting", "machinery", and "machinery status".  Finally, the Respondent noted that the appraiser did not have the underwriting file of the vessel's insurer to determine the value placed on the actual vessel for insurance purposes.  See Complaint of Red Star Barge Line, Inc.,

683 F.2d 42 (2nd Cir. 1982) (noting that amount for which a vessel is insured is one method to be used in determining the true value of a vessel).

The Court is satisfied that based upon the reasons stated above, the Respondent has made the minimum showing as to why the valuation of the vessel may be inadequate. See In re Mike's, Inc., No. 02 Civ. 1073, 2002 WL 1467874, at *1 (E.D. La. July 09, 2002) ("The Rule requires the claimant who seeks an increase in security to make at least a minimum showing as to why the valuation of the vessel is inadequate.").

Moreover, in light of the fact that the Petitioner has indicated that it would not oppose a Rule F(7) motion seeking an independent appraisal if it were to be filed, the Court agrees with the Respondent that it is more expedient and would save judicial resources to not require the Respondent to file a formal motion with the Court. Thus, the Court will deem the parties' stipulation to be sufficient for the Court to appoint an independent appraiser to assess the value of the vessel, notwithstanding the fact that a Rule F(7) motion was not filed.

Therefore, the parties are directed, within ten (10) days from the date of this Order, to submit to this Court the name or names of agreed-upon appraisers to make this appraisal. Due to the fact that the request for a court-appointed appraiser is being made by the Respondent, the Court shall assess the costs for the court-appointed appraiser against the Respondent.

**SO ORDERED.**

Dated: Central Islip, New York
February 25, 2012

                ___/s/ Arthur D. Spatt_____
                 ARTHUR D. SPATT
                United States District Judge